# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SENECA A. DURR,

    Plaintiff(s),

v.

ANDREW SAUL,

    Defendant(s).

Case No.: 2:18-cv-01907-APG-NJK

**REPORT AND RECOMMENDATION**

(Docket Nos. 14, 24)

On October 16, 2019, this case was reassigned to the undersigned magistrate judge. Docket No. 26. This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for child disability insurance benefits under Title II of the Social Security Act. Currently before the Court is Plaintiff's motion for reversal and/or remand. Docket No. 14. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket Nos. 24, 25. No reply was filed. *See* Docket. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.   STANDARDS**

    A.   <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing

1

the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ____, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the Administrative Law Judge ("ALJ") to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and as analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

Disabled child insurance benefits are available to individuals 18 years or older who have a disability that began before attaining age 22.[1] 20 C.F.R. § 404.350(a)(5). The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not

---

[1] To establish eligibility for child disability insurance benefits, the Commissioner must also find that the claimant is the child of the insured, is dependent on the insured, is unmarried, and has a disability that began before age 22. 20 C.F.R. § 404.350(a).

3

severe when medical and other evidence does not establish a significant limitation of an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 404.1522. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 404.1520(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Social Security Rulings ("SSRs") 96-8p.[2] In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

---

[2] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   BACKGROUND

### A.   Procedural History

On September 3, 2014, Plaintiff filed an application for child disability insurance benefits, alleging a disability onset date of April 4, 1995. A.R. 221–223. Plaintiff's claims were denied initially on May 8, 2015, and upon reconsideration on February 4, 2016. A.R. 85–89, 92–98. On February 11, 2016, Plaintiff filed a request for a hearing before an ALJ. A.R. 101. On May 9, 2017, Plaintiff, Plaintiff's counsel, and a vocational expert appeared for a hearing before ALJ Christopher Daniels. *See* A.R. 29–47. On November 16, 2017, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, prior to April 3, 2017, the date she attained age 22. A.R. 7–28. On July 30, 2018, the ALJ's

decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1–6.

On October 2, 2018, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). Docket Nos. 1, 4. On October 16, 2019, this case was reassigned to the undersigned magistrate judge. Docket No. 26.

### B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. A.R. 10–22. At step one, the ALJ found that Plaintiff had not attained age 22 as of the alleged onset date of April 4, 1995 and has not engaged in substantial gainful activity since April 4, 1995. A.R. 12. At step two, the ALJ found that, before attaining age 22, Plaintiff had the following severe impairments: degenerative disc disease with back pain, history of right shoulder injury, attention deficit hyperactivity disorder (ADHD), and learning disability. A.R. 13. At step three, the ALJ found that, before attaining age 22, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 13. The ALJ found that, before attaining age 22, Plaintiff had the residual functional capacity to perform:

> sedentary work as defined in 20 CFR 404.1567(a) subject to the following limitations: she is able to perform frequent reaching with the right upper extremity; she is able to tolerate occasional exposure to hazards; she is able to understand, remember, and carry out simple, routine, repetitive tasks; she is unable to perform production or assembly line work; she is able to tolerate frequent interaction with coworkers and supervisors, but no interaction with the general public; and she is able to adapt to routine work changes.

A.R. 15–21. At step four, the ALJ found that Plaintiff has no past relevant work. A.R. 21. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff, before attaining age 22, could perform based on her age, education, work experience, and residual functional capacity. A.R. 21. In doing so, the ALJ defined Plaintiff as a younger individual on the alleged onset date with at least a high school education, and able to communicate

in English.[3]  A.R. 21.  The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a document specialist, small parts assembler, and printed circuit board screener.  A.R. 21–22.  Based on these findings, the ALJ found Plaintiff not disabled at any time before April 3, 2017, the date she attained age 22.  A.R. 22.

## III.  ANALYSIS AND FINDINGS

The primary issue on appeal is whether the ALJ erred in the evaluation of the medical opinion evidence presented with respect to mental impairment.[4]  Plaintiff argues that the ALJ erred by failing to include Dr. Zucker's opinion that Plaintiff can understand and carry out one- and two-step instructions, despite having purportedly given Dr. Zucker's opinion significant weight.  *See* Docket No. 14 at 10–11.  The Commissioner responds that the ALJ appropriately synthesized Dr. Zucker's opinion into the RFC.  *See* Docket No. 24 at 9–11.  Plaintiff has the better argument.

Dr. Zucker found that "it seems likely that [Plaintiff] will be able to understand and carry out simple and concrete one[-] and two-step instructions" rather than "more complex instructions," especially on a consistent basis.  A.R. 381.  Nonetheless, and despite having purportedly given Dr. Zucker's opinion "significant weight," the ALJ formulated Plaintiff's RFC to instead include a limitation to "simple, routine, repetitive tasks."[5]  A.R. 15.  The undersigned was presented with substantially similar scenarios recently and found that the ALJ had erred.  *See Douzat v. Saul*, Case No. 2:17-cv-01740-APG-NJK, Docket No. 25 (Jan. 7, 2020) (discussing *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996 (9th Cir. 2015)); *Vangemert v. Berryhill*, 2019 WL 2610125, at *4 (D. Nev. Mar. 7, 2019) (discussing *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996 (9th Cir.

---

[3] The ALJ found the transferability of job skills not an issue because Plaintiff does not have past relevant work.  A.R. 21.

[4] The Court recognizes that Plaintiff presents other arguments.  However, for the reason explained in n. 7, the Court declines to address them.

[5] The ALJ also gave significant weight to the opinion of the State agency psychological consultant on reconsideration, *see* A.R. 15, and the consultant concluded that Plaintiff could understand and remember one- and two-step instructions, A.R. 79.

2015)), *adopted*, 2019 WL 2603085 (D. Nev. June 25, 2019). The undersigned will do the same here.

In *Rounds*, the Ninth Circuit addressed whether an ALJ erred in formulating an RFC that included a limitation to one- to two-step tasks, but then concluded that the claimant could perform jobs that had DOT level two reasoning. 807 F.3d at 1003. The Ninth Circuit held that there was an apparent conflict between a limitation to one- to two-step tasks and a DOT occupation assigned level two reasoning, "which requires a person to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions.'" *Id*. In so doing, the Ninth Circuit pointed to the similarity between such a limitation and DOT reasoning level 1, which requires a person to apply a "commonsense understanding to carry out simple one- or two-step instructions." *Id.* The Ninth Circuit remanded for the ALJ to determine whether there was a reasonable basis for reconciling the conflict in that case between the RFC limitation and the DOT occupation. *Id.*

The reasoning of *Rounds* has been expanded to a slightly different scenario. "[A] number of district courts within this Circuit have reversed ALJ decisions imposing a 'simple, repetitive tasks' RFC limit where the ALJs fail to address and distinguish conclusions by doctors that claimants can perform one-and-two step instructions." *Wilson v. Colvin*, 2017 WL 1861839, at *6 (N.D. Cal. May 9, 2017) (collecting cases). Having found such error, these courts have remanded for further proceedings. *Striet v. Berryhill*, 2019 WL 386227, at *7 (D. Nev. Jan. 11, 2019) (collecting cases), *adopted*, 2019 WL 383996 (D. Nev. Jan. 30, 2019); *accord Vangemert*, 2019 WL 2610125, at *4-5; *Joseph O. v. Comm'r of Soc. Sec.*, 2019 WL 4561453, at *12 (D. Ore. Sept. 3, 2019), *adopted*, 2019 WL 4544265 (D. Ore. Sept. 18, 2019).

The scenario confronting these district courts is the same situation in this case. Dr. Zucker opined that Plaintiff could likely carry out one- or two-step instructions rather than more complex instructions. A.R. 381. Despite "giv[ing] significant weight" to Dr. Zucker's opinion, the ALJ identified no reasons to discount his opinion on this front, instead simply adopting a "simple, routine, repetitive tasks" limitation in the RFC. A.R. 20. The Commissioner does not dispute this; instead, the Commissioner argues only that the ALJ did not have to incorporate Dr. Zucker's one- or two-step instruction limitation. Docket No. 24 at 10. The ALJ's RFC limitation of "simple,

routine, repetitive tasks" constituted an implicit rejection of Dr. Zucker's finding that Plaintiff can understand and carry out one- and two-step instructions rather than more complex instructions. *See, e.g.*, *Striet*, 2019 WL 386227, at *7. It was error for the ALJ to implicitly reject such opinion without articulating an explanation supported by substantial evidence. *See, e.g.*, *id.* at *8.[6]

Moreover, the ALJ concluded that Plaintiff could perform work as a document specialist, small parts assembler, and printed circuit board screener. Plaintiff argues that the above error was not harmless because two of these three jobs require more than level one reasoning. *See* Docket No. 14 at 10–11. The Commissioner, agreeing that two of these three jobs require more than level one reasoning, responds that, if the ALJ erred, the error would still be harmless because "there are still other jobs" available to Plaintiff. *See* Docket No. 24 at 10–11. However, it appears that none of the three jobs the ALJ listed requires less than level two reasoning. *See Alexey M. K. v. Saul*, 2019 WL 3772189, at *7 (N.D. Cal. Aug. 12, 2019) (finding document specialist requires level three reasoning (citing DOT 249.587-018)); *Cole v. Berryhill*, 2017 WL 1213421, at *13 (E.D. Cal. Mar. 31, 2017) (finding printed circuit board screener requires level two reasoning (citing DOT 276.684-110)); *Chavez v. Astrue*, 699 F. Supp. 2d 1125, 1136 n.10 (C.D. Cal. 2009) (finding small parts assembler requires level two reasoning). The undersigned therefore agrees with Plaintiff that the error in formulating the RFC was not harmless because of the conflict between a limitation to one- to two-step tasks and occupations that require level two or level three reasoning. *Cf. Striet*, 2019 WL 386227, at *7.

Consistent with *Rounds* and the many district court decisions applying it in the same context presented in this case, the undersigned concludes that the ALJ erred and that remand is required for further proceedings to address the issues identified herein.[7]

---

[6] The Court notes that the ALJ did not have the benefit at the time of his decision of the line of caselaw discussing *Rounds* identified herein, which were all issued thereafter.

[7] None of the other arguments presented alters the conclusion that remand for further proceedings is appropriate, so these other arguments will not be addressed.

## IV. CONCLUSION

Based on the foregoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 14) be **GRANTED** and that the Commissioner's Cross-Motion to Affirm (Docket No. 24) be **DENIED**.

Dated: January 24, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

## **NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).